**In the Matter of Glenn R. SLENKER, Jr.**

**No. 480S111.**

Supreme Court of Indiana.

Aug. 18, 1981.

No appearance for respondent.

Thomas J. Opsut, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

This proceeding was initiated by the filing of a three-count Verified Complaint; the Disciplinary Commission of this Court brought this matter pursuant to Admission and Discipline Rule 23, Section 12, and, subsequently, pursuant to Sections 13 and 14 of such rule a Hearing Officer was appointed, a hearing was conducted, and the Hearing Officer has filed his findings of fact and conclusions of law. During the course of the hearing stages of these proceedings, neither the Respondent nor any counsel in his behalf appeared. Service of process in these proceedings was accomplished by the mailing of such matters to Respondent's last known address.

No Petition for Review has been filed; accordingly, we now adopt and accept as our own the findings of the appointed Hearing Officer. As charged under Count I of the Verified Complaint, the Respondent, on August 16, 1972, was appointed the Executor of the Last Will of Phyllis L. Federer; the Respondent also served as the attorney for this estate. He filed a surety bond in the penal sum of fifteen thousand dollars ($15,000.00) and commenced the administration of the estate. From June 12, 1973, to June 18, 1973, the Respondent, without authority or approval of the Probate Court, withdrew four thousand dollars ($4,000.00) from the Phyllis L. Federer estate account and used these funds for the Respondent's personal obligations.

We further find that, as charged under Count II of the Verified Complaint, the Respondent engaged in a pattern of drafting checks knowing that there was insufficient funds available to honor these checks upon presentment. Also, as charged under Count III of the Verified Complaint, we find that during the time relevant to our findings of misconduct under Counts I and II, the Respondent suffered from the disease of alcoholism.

In view of the above-noted findings of fact, this Court now concludes that by withdrawing estate funds for personal use without approval or authorization from the Court exercising probate jurisdiction, the Respondent failed to preserve the identity of funds of a client and engaged in conduct adversely reflecting on his fitness to practice law, in violation of Disciplinary Rules 9–102(A)(2) and 1–102(A)(6) of the *Code of Professional Responsibility*; by cashing checks knowing that there were insufficient funds available to honor these instruments, the Respondent engaged in illegal conduct involving moral turpitude adversely reflecting on his fitness to practice law, in violation of Disciplinary Rules 1–102(A)(3) and (6); and by his abuse of alcohol, the Respondent engaged in conduct which adversely reflected on his fitness to practice law, in violation of Disciplinary Rule 1–102(A)(6).

It is now the duty of this Court to assess an appropriate sanction. The facts which have been presented to the Court through the record in this cause reflect the demise of a professional career. The record is silent as to causation or other factors which may have contributed to the Respondent's conduct. The effect, however, is clear. The Respondent was an alcoholic; his financial standing reached the point where he was knowingly cashing worthless checks; he used a client's money for personal benefit. This series of events convinces us that the Respondent has abandoned the ethical standards expected of all attorneys in this State. Accordingly, we can only conclude that the Respondent is unfit to continue in the practice of law and that the Respondent cannot be expected to resume his ethical obligation at some future date.

By reason of our findings of misconduct under the Verified Complaint filed in this cause, it is, accordingly, ordered that the Respondent be, and he hereby is, disbarred as an attorney in the State of Indiana.

Costs of these proceedings are assessed against the Respondent.